IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| KENNETH ADRIAN FULLER, | ) | No. C 12-5044 RMW (PR) |
| Plaintiff, | ) ) | ORDER OF DISMISSAL WITH LEAVE TO AMEND; |
| v. | ) ) | GRANTING LEAVE TO PROCEED IN FORMA |
| JEFF BIGLEY, et al., | ) ) | PAUPERIS |
| Defendants. | ) ) ) | (Docket Nos. 2, 3) |

Plaintiff, a former state prisoner proceeding pro se, filed a civil rights complaint pursuant to 42 U.S.C. § 1983. Plaintiff is granted leave to proceed in forma pauperis. For the reasons stated below, the court DISMISSES the complaint with leave to amend.[1]

**DISCUSSION**

A.  Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1),

---

[1] Plaintiff's application to correct the name of Defendant Judge Dupree to Judge Dean A. Beaupre is granted. (Dkt. No. 3.)

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Fuller044dwla.wpd

(2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under the color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

B.  Plaintiff's Claims

In 2008, plaintiff pleaded guilty in Sonoma County Superior Court to one count of receiving stolen property. In December 2009, plaintiff was found guilty of violating a condition of his probation and sentenced to a prison term. In October or November 2011, plaintiff was arrested for being under the influence, and pleaded guilty. In plaintiff's federal complaint, he appears to challenge at least these three prior criminal proceedings. In general, plaintiff alleges that the named defendants conspired against him to prevent him from having meaningful access to the courts, conspired to deny his rights, or denied him a hearing to withdraw his guilty plea. Plaintiff raises numerous claims, all of which revolve around his underlying criminal proceedings.

Plaintiff names as defendants his court appointed public defenders and alleged that they conspired with a variety of Superior Court judges.[2] Plaintiff's claims against his defense attorneys are dismissed. State court criminal defendants cannot sue their lawyers in federal court for most lawyer-type mistakes. A public defender does not act under color of state law, an essential element of an action under 42 U.S.C. § 1983, when performing a lawyer's traditional

---

[2] The judges who preside over plaintiff's criminal case have absolute judicial immunity for the acts alleged in the complaint, as the allegations concern decisions they made in presiding over the case and those are acts performed in their judicial capacity. See Pierson v. Ray, 386 U.S. 547, 553-55 (1967). Further, although the doctrine of judicial immunity does not bar claims for injunctive relief in § 1983 actions, see Pulliam v. Allen, 466 U.S. 522, 541-42 (1984), section 1983 itself provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983. Here, no such showing has been made. Thus, to the extent plaintiff intended to name Superior Court judges as defendants, they are DISMISSED.

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Fuller044dwla.wpd      2

1  functions, such as entering pleas, making motions, objecting at trial, cross-examining witnesses,
2  and making closing arguments. Polk County v. Dodson, 454 U.S. 312, 318-19 (1981). All of
3  the allegations plaintiff makes against his defense attorneys involve traditional lawyering
4  functions in criminal cases. Despite plaintiff's conclusory allegations that they conspired against
5  him, plaintiff fails to support his claims with any plausible facts. Thus, defense counsel
6  defendants William Maryoni, Marie Case, Joseph Stogner, Linda Thomson, Angelena Potter,
7  and Eric Rannent are DISMISSED.

8      In addition, when a state prisoner challenges the legality of his custody and the relief he
9  seeks is a determination that he is entitled to an earlier or immediate release, such a challenge is
10 not cognizable under 42 U.S.C. § 1983 and the prisoner's sole federal remedy is a petition for a
11 writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973); see also Neal v.
12 Shimoda, 131 F.3d 818, 824 (9th Cir. 1997). Thus, where a § 1983 action seeking monetary
13 damages or declaratory relief alleges constitutional violations which would necessarily imply the
14 invalidity of the prisoner's underlying conviction or sentence, such a claim is not cognizable
15 under § 1983 unless the conviction or sentence has first been invalidated on appeal, by habeas
16 petition, or through some similar proceeding. See Edwards v. Balisok, 520 U.S. 641, 646 (1987)
17 (holding that § 1983 claim not cognizable because allegations of procedural defects and a biased
18 hearing officer implied the invalidity of the underlying prison disciplinary sanction); Heck v.
19 Humphrey, 512 U.S. 477, 483-84 (1994) (concluding that § 1983 not cognizable because
20 allegations were akin to malicious prosecution action which includes as an element a finding that
21 the criminal proceeding was concluded in plaintiff's favor); Butterfield v. Bail, 120 F.3d 1023,
22 1024-25 (9th Cir. 1997) (concluding that § 1983 claim not cognizable because allegations of
23 procedural defects were an attempt to challenge substantive result in parole hearing). Here,
24 plaintiff's claims involve his convictions and sentences obtained by allegedly involuntary guilty
25 pleas and a probation revocation. The substance of plaintiff's claims is an attack on the validity
26 of his convictions such that it necessarily implies the validity of his continuing confinement.
27 Thus, plaintiff's claims challenging the underlying criminal proceedings are DISMISSED
28 without leave to amend.

1     Plaintiff also names Ned Lagge, the law library paralegal, as a defendant, alleging that he
2 conspired to prevent plaintiff from accessing the courts. Plaintiff further names Jeff Bigley,
3 plaintiff's parole officer. Plaintiff argues that Bigley purposefully failed to deliver legal mail to
4 plaintiff and thus prevented plaintiff from accessing the courts. These claims lack any factual
5 support. "Factual allegations must be enough to raise a right to relief above the speculative
6 level." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1964-65 (2007) (per curium) (citations
7 omitted). A complaint must proffer "enough facts to state a claim for relief that is plausible on
8 its face." Id. at 1974. Finally, plaintiff names Sheriff Thomas Allmen as a defendant. However,
9 plaintiff fails to link Sheriff Allmen with any particular allegation of constitutional violation.
10 Liability may be imposed on an individual defendant under 42 U.S.C. § 1983 only if the plaintiff
11 can show that the defendant proximately caused the deprivation of a federally protected right.
12 See Leer v. Murphy, 844 F.2d 628, 634 (9th Cir. 1988). Even at the pleading stage, "[a] plaintiff
13 must allege facts, not simply conclusions, that show that an individual was personally involved
14 in the deprivation of his civil rights." Barren v. Harrington, 152 F.3d 1193, 1194 (9th Cir. 1998).
15
16     Plaintiff will be given an opportunity to amend his claims against Ned Lagge, Jeff
17 Bigley, and Sheriff Thomas Allmen if he can do so in good faith.

**CONCLUSION**

19     For the foregoing reasons, the court hereby orders as follows:
20     1.    Claims against defendants William Maryoni, Marie Case, Joseph Stogner, Linda
21 Thomson, Angelena Potter, and Eric Rannent are DISMISSED. Plaintiff's claims challenging
22 the underlying criminal proceedings are DISMISSED without leave to amend.
23     2.    Plaintiff's claims against Ned Lagge, Jeff Bigley, and Sheriff Thomas Allmen are
24 DISMISSED with leave to amend if plaintiff can do so in good faith. If plaintiff can cure the
25 pleading deficiencies described above, plaintiff shall file an AMENDED COMPLAINT within
26 **thirty days** from the date this order is filed. The amended complaint must include the caption
27 and civil case number used in this order (C 12-5044 RMW (PR)) and the words AMENDED
28 COMPLAINT on the first page. Plaintiff may not incorporate material from the prior complaint

1  by reference. **Failure to file an amended complaint within thirty days and in accordance**
2  **with this order will result in dismissal of this action.**

3        3.     Plaintiff is advised that an amended complaint supersedes the original complaint.
4  "[A] plaintiff waives all causes of action alleged in the original complaint which are not alleged
5  in the amended complaint." London v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).
6  Defendants not named in an amended complaint are no longer defendants. See Ferdik v.
7  Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992).

8        4.     It is the plaintiff's responsibility to prosecute this case. Plaintiff's must keep the
9  court informed of any change of address by filing a separate paper with the clerk headed "Notice
10 of Change of Address," and must comply with the court's orders in a timely fashion. Failure to
11 do so may result in the dismissal of this action for failure to prosecute pursuant to Federal Rule
12 of Civil Procedure 41(b).

13      IT IS SO ORDERED.
14 DATED: _____

*Ronald M. Whyte*
RONALD M. WHYTE
15 United States District Judge

Order of Dismissal with Leave to Amend
G:\PRO-SE\SJ.Rmw\CR.12\Fuller044dwla.wpd     5

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH ADRIAN FULLER,<br><br>            Plaintiff,<br><br>   v.<br><br>JEFF BIGLEY et al,<br><br>            Defendant._____/ | Case Number: CV12-05044 RMW<br><br>**CERTIFICATE OF SERVICE** |

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on March 27, 2013, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Kenneth Adrian Fuller 98266
45 Pearce Street
Petaluma, CA 95490

Dated: March 27, 2013

Richard W. Wieking, Clerk
By: Jackie Lynn Garcia, Deputy Clerk